# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>BJRP LLC<br><br>                              Debtor. | Case No. 18-15839 (AIH)<br><br>Chapter 11<br><br>Judge Arthur I. Harris |

**MOTION OF UNITED STATES TRUSTEE PURSUANT TO 11 U.S.C. § 1112(b) FOR ENTRY OF AN ORDER DISMISSING DEBTOR'S CHAPTER 11 CASE**

Andrew R. Vara, United States Trustee for Region 9 ("United States Trustee"), through his undersigned counsel, moves the Court pursuant to 11 U.S.C. § 1112 for entry of an order dismissing debtor BJRP LLC's ("Debtor") chapter 11 case. In support of this motion (the "Motion"), the United States Trustee states as follows:

## Jurisdiction

1.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Ohio issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2.      Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district and specifically authorized to seek conversion or dismissal of a case under section 1112 of title 11 of the United States Code (the "Bankruptcy Code"). *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys. Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3.      Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard on

this Motion.

## Background

4.　On September 28, 2018, (the "Petition Date"), Debtor filed its voluntary petition under chapter 11 of title 11 of the Bankruptcy Code. Also on the Petition Date, Debtor filed its schedules and statement of financial affairs (collectively "Schedules"). Docket No. 1. When operating, the Debtor operated two restaurants: Moxie the Restaurant and Red the Steakhouse.

5.　On November 16, 2018, the Debtor filed its *Motion to Sell Property Free and Clear of Liens under Section 363(f)* (the "Sale Motion"). Docket No. 47. The Sale Motion sought approval of the sale of substantially all of the Debtor's assets to Tower IV LLC or its designee ("Tower"). The Court entered an order approving the Sale Motion on December 26, 2018. Docket No. 55.

6.　The Debtor was represented in these bankruptcy proceedings by attorney Richard Baumgart. Sadly, Mr. Baumgart passed away in September 2021. As of the date of this Motion, no attorney has filed a notice of appearance on behalf of the Debtor and the United States Trustee is not aware of substitute counsel.

7.　Debtor ceased operating upon consummation of the sale. Based upon discussions with Mr. Baumgart earlier this year, the United States Trustee understands that, although the sale was approved years ago, the transfer of the liquor licenses to Tower have been delayed for unknown reasons.

8.　Although the Debtor has not filed a monthly operating report since April 2021, that report shows that Debtor had no cash as of the end of March, 2021. Docket No. 93. Since it is no longer operating, the Debtor has no income source. Ostensibly, the Debtor remains in chapter 11 solely to allow the transfer of the liquor license to Tower once it receives the requisite approvals.

## Relief Requested

9. Debtor's case should be dismissed pursuant to section 1112(b)(1) of the Bankruptcy Code:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for **cause** unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 .S.C. § 1112(b)(1) (emphasis added).

10. Pursuant to 11 U.S.C. § 1112(b)(4), "cause" includes " "unexcused failure to satisfy timely any filing or reporting requirements established by [title 11] or by any rule applicable to a case under [chapter 11 of the Bankruptcy Code]" (section 1112(b)(4)(F)); and "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" (section 1112(b)(4)(A)). Either factor alone constitutes sufficient cause for conversion or dismissal.

11. The dismissal of the Debtor's case is appropriate for at least two independent reasons. First, the Debtor appears to be without counsel at this time. A corporate debtor involved in proceedings before a court must be represented by licensed counsel and may not appear *pro se*. *See Osborn v. Bank of U.S.,* 22 U.S. 738 (1824). This rule applies to bankruptcy cases. *See* Fed. R. Bankr. P. 9010; *In re Dick Tracy Ins. Agency, Inc.*, 204 B.R. 38, 39 (Bankr. W.D. Mo. 1997).

12. Second, dismissal of this case is appropriate because there is a "continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. §1112(b)(4)(A). This is a two-fold inquiry and, because section 1112(b)(4)(A) is written in the conjunctive, both requirements must be shown. *In re Wahliei,* 417 B.R. 8, 11 (Bankr. N.D. Ohio

2009).

13. With respect to the first requirement, the focus is on whether post-petition the debtor has suffered or continues to experience a negative cash flow, or, alternatively, declining asset values. *Id.; Matter of Moultrie,* 586 B.R. 498, 502 (Bankr. N.D. Georgia 2018). "Negative cash flow means that the estate's current liabilities are increasing more rapidly than cash is available to pay as due." *Id. at f.n.5* (citing *Colliers on Bankruptcy,* ¶ 1112-29[i], 16th Ed.) An inability to pay ongoing expenses, combined with an absence of reliable income, can establish cause. *In re Unique Tool & Mfg. Co., Inc.,* No. 19-32356, 2019 WL 5589085, at *9 (Bankr. N.D. Ohio Oct. 25, 2019).

14. The Debtor is experiencing a substantial and/or continuing loss to, or diminution of, its estate. The Debtor has no ability to fund this case—it is not operating and has no source of income. By remaining in chapter 11, the Debtor will continue to accrue administrative expenses.

15. The second part of § 1112(b)(4)(A) is also met, because there is no reasonable likelihood of rehabilitation. As other courts in this district have held, "the issue of rehabilitation is "whether the debtor's business prospects justify continuance of the reorganization effort." *In re Unique Tool & Mfg. Co., Inc.*, 2019 WL 5589085, at * 10(citing *In re Miller*, 496 B.R.469, 479 (Bankr. E.D. Tenn 2013). The Debtor has ceased operations and sold its assets. It has no plans to reopen its business. Accordingly, there are no business prospects to justify its continued reorganization efforts.

16. Thus, the Debtor has a "continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," which constitutes cause for dismissal under 11 U.S.C. § 1112(b)(4)(A).

**Reservation of Rights**

17. The United States Trustee reserves all rights, remedies and obligations to, amongst other things, complement, supplement, augment, alter, substitute and/or modify this Motion and to conduct any and all discovery as may be required or deemed necessary, and to assert such other grounds as may become apparent.

**WHEREFORE**, for the foregoing reasons, the United States Trustee respectfully requests that the Court enter an order dismissing the case, and/or such other relief as this Court deems appropriate, fair and just.

Dated: October 5, 2021

Respectfully submitted,

**ANDREW R. VARA
UNITED STATES TRUSTEE,
REGIONS 3 & 9**

By:    */s/ Kate M. Bradley*    .
      Kate M. Bradley (0074206)
      Trial Attorney
      United States Department of Justice
      Office of the United States Trustee
      Howard M. Metzenbaum U.S. Courthouse
      201 Superior Avenue E, Suite 441
      Cleveland, Ohio 44114
      Phone:    (216) 522-7800 ext. 255
      Fax:    (216) 522-7193
      Email:    kate.m.bradley@usdoj.gov